Chief Justice SAYLOR,
concurring.
I join the majority opinion, subject to the reservation that I have difficulty with the oft-repeated phrase that a seal operates “to import consideration.” Majority Opinion, at 563, 126 A.3d at 1271. Notably, in the first instance, the common law seal predated by centuries the modern requirement of consideration. See 4 Williston on Contracts § 8:2 (4th ed.2015). Although at some point in the development of the pertinent legal landscape, the phrase “import[ ] consideration” appears to have meant simply that signers undertook their obligations *576 intentionally, as the term “consideration” evolved in its modern sense courts began to suggest that the seal itself “import[ed],” or stood as a presumption of, consideration. See id. However, “[i]t would have been more correct to have said that no consideration was needed for such a document.” Id.
I realize that our Court has contributed to the imprecision. See, e.g., Morgan’s Home Equip. Corp. v. Martucci, 390 Pa. 618, 629 n. 12, 136 A.2d 838, 845 n. 12 (1957). Nevertheless, I believe that it would benefit the jurisprudence to clarify the effect of a statement of intention to be bound, per the Uniform Written Obligations Act in its general application, as dispensing with the requirement for consideration rather than supplying it.